1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONNAGHAN NEWBERRY**
Tara D. Newberry, Esq. (SBN: 10696)
tnewberry@cnlawlv.com
7854 West Sahara Avenue
Las Vegas, NV 89117
Telephone: (702) 608-4232
Facsimile: (702) 946-1380

Attorneys for Plaintiff,
Nickolas Perez

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA – LAS VEGAS

| | |
|---|---|
| **NICKOLAS PEREZ,**<br>**Individually and On Behalf of All**<br>**Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**LONGWOOD INDUSTRIES,**<br>**INC. a/k/a AUTO MARKETING**<br>**SYSTEMS,**<br><br>Defendant. | **Case No.:**<br><br><u>**CLASS ACTION**</u><br><br>**COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF**<br>**PURSUANT TO THE TELEPHONE**<br>**CONSUMER PROTECTION ACT,**<br>**47 U.S.C. § 227 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. NICKOLAS PEREZ ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of LONGWOOD INDUSTRIES, INC. a/k/a AUTO MARKETING SYSTEMS ("AMS"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or *prerecorded* telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12 (italics added); *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or *prerecorded* calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744 (italics added.)

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. The Ninth Circuit recently affirmed certification of a TCPA class case similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper in the United States District Court for the District of Nevada – Las Vegas pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in this judicial district, the harm to Plaintiff occurred in this judicial district, and

Defendant is subject to personal jurisdiction in the County of Clark, State of Nevada as it conducts business there.

### PARTIES

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the County of Clark, State of Nevada.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10. Plaintiff is informed and believes, and thereon alleges, that AMS is, and at all times mentioned herein was, a corporation whose primary corporate address is in Bedford, Virgina, and is incorporated under the laws of Virgina. AMS is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).  AMS "has assisted private sellers in the sale of their vehicle by connecting them with used car buyers via various Internet portals and lead brokers," according to website for the Online Business Bureau, located at http://www.onlinebusinessbureau.com/Companyrating.cfm?Company_ID=1839973, accessed on April 17, 2013.

11. Plaintiff alleges that at all times relevant herein, Defendant conducted business in the State of Nevada and in the County of Clark, and within this judicial district.

### FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was a citizen of the State of Nevada.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

13. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

14. At all times relevant Defendant conducted business in the State of Nevada and in the County of Clark, and within this judicial district.

///

15. On information and belief, AMS, by an through its agent, utilizes an automated telephone dialing system and/or prerecorded voice message to send unsolicited SPAM commercial messages to the cellular telephone numbers of consumers within the United States. Several online postings and complaints support the good faith belief that the voice messages left by AMS to Plaintiff and the putative class were made using an autodialer and were prerecorded:

  a.  According to the Better Business Bureau, at http://www.bbb.org/roanoke/business-reviews/auto-listing-service/longwood-industries-inc-in-bedford-va-9004961/, accessed on April 17, 2013, Longwood Industries, Inc., "[t]hrough an agreement with Adventis, Inc., a commercial call center, Longwood Industries offers automobile Internet-Web Advertising under the name Auto Marketing Systems. Consumers report that after placing an ad in a newspaper or on the internet to sell an automobile, they are contacted by Longwood Industries to place a similar ad on the internet"; and

  b.  According to WDBJ7.com, at http://articles.wdbj7.com/2012-11-08/wdbj7_34999446, accessed on April 17, 2013, "What she and three other former employees tell WDBJ7 is that Adventis operates under the same corporate umbrella that operates the popular Roanoke restaurant Blue Five. Adventis is located above the restaurant. The former workers tell us about a complicated and ethically questionable online telemarketing operation. These workers gave us details on how it works. Adventis was created in the early 2000s. Its telemarketers scour online and print classifieds ads, often using Craigslist, to find people selling used cars. We're told the company then uses a robocall system to leave voicemails on the numbers listed in the ad."

///

16. At no time did Plaintiff provide Plaintiff's cellular phone number to Defendant through any medium.

17. At no time did Plaintiff ever enter into a business relationship with Defendant.

18. On information and belief, Defendant obtained Plaintiff's contact information from a listing on craigslist.org, where Plaintiff had advertised a motor vehicle for sale. On this listing, Plaintiff displayed the words, "it's NOT ok to contact this poster with services or other commercial interests."

19. Beginning on or about February 18, 2013, at approximately 11:41 a.m. (PST), Defendant contacted Plaintiff on Plaintiff's cellular telephone by leaving a prerecorded voice message advertising Defendant's services.

20. On or about February 21, 2013, at approximately 3:21 p.m. (PST), Defendant again contacted Plaintiff on Plaintiff's cellular telephone by leaving a prerecorded voice message advertising Defendant's services.

21. The telephone number utilized by Defendant to contact Plaintiff for each of these calls was from an "unknown" number.

22. The prerecorded voice messages were left by a representative of Defendant by the name of Matt Barker, offered to assist Plaintiff in selling his vehicle.

23. During at least one of the prerecorded voice messages, Matt Barker indicates that he saw Plaintiff's ad.

24. Through this conduct, Defendant contacted Plaintiff's cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A), using a prerecorded voice message as prohibited by 47 U.S.C. § 227(b)(1)(A), in an attempt to solicit business from Plaintiff, despite Plaintiff's instructions to the contrary in the listing.

25. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

26. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

27. These SPAM telephone calls were unsolicited by Plaintiff.

28. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

29. To date, Plaintiff has received at least two calls from Defendant where Defendant utilizes an ATDS and/or prerecord voice message to contact Plaintiff's cellular telephone number from an "unknown" number.

30. Plaintiff did not provide Defendant or its agent prior express consent to receive calls to his cellular telephone for commercial purposes, including by means of ATDS and/or prerecorded voice message, pursuant to 47 U.S.C. § 227 (b)(1)(A).

31. These telephone calls by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

### CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

33. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any call utilizing an ATDS and/or prerecorded voice message from Defendant without prior express consent, which message by Defendant or its agents was not made for emergency purposes, within the four years prior to the filing of this Complaint.

34. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several hundreds, if not substantially more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

35. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS and/or prerecorded voice message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

36. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

37. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agents' records.

38. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a)  Whether, within the four years prior to the filing of this Complaint, Defendant or its agents made automated and/or prerecorded calls to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular phone service;

b)   Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c)   Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

39. As a person that received at least one call utilizing an ATDS and/or prerecorded voice message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

40. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

41. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

42. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and Nevada law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

43. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory

relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

46. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

50. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

51. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

///

///

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TRIAL BY JURY**

52. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 29, 2013                                   Respectfully submitted,

                                                          **CONNAGHAN NEWBERRY**

                                                          By:  __/s/ Tara D. Newberry
                                                              Tara D. Newberry
                                                              ATTORNEY FOR PLAINTIFF